UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD FRANK,

    Plaintiff,

v.                                Case No: 2:18-cv-162-FtM-99CM

ROCKHILL INSURANCE
COMPANY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Merlin Law Group, P.A.'s Motion to Withdraw as Counsel of Record for Plaintiff, filed on May 7, 2018, Defendant's Motion for Appointment of Magistrate Judge to Supervise Depositions Where Plaintiff is Present, filed on April 20, 2018, and Defendant's Motion for Cease and Desist Order, filed on April 17, 2018   Docs. 18, 21, 27.  For the reasons stated below, Merlin Law Group, P.A.'s motion will be granted, and Defendant Rockhill Insurance Company's ("Rockhill") motions will be denied without prejudice.

First, the Merlin Law Group, P.A., including attorneys Kelly L. Kubiak, Esq. and Eric Dickey, Esq., seeks to withdraw as counsel of record for Plaintiff Howard Frank due to "irreconcilable differences" that "render the continued representation of the Plaintiff unreasonably difficult to continue and not in the best interests of the client."  Doc. 27 at 1.  A motion to permissively withdraw is a matter within the discretion of the court.  *Obermaier v. Driscoll*, No. 2:00-CV-214-FtM-29D, 2000 WL 33175446, at *1 (M.D. Fla. Dec. 13, 2000).  Under the Local Rules, "no attorney,

having made a general appearance under subsection (a) of [Local Rule 2.03] shall thereafter abandon the case or proceeding in which the appearance was made, or withdraw as counsel for any party therein, except by written leave of Court obtained after giving ten (10) days' notice to the party or client affected thereby, and to opposing counsel." M.D. Fla. Rule 2.03(b). Since the re-filing of Merlin Law Group, P.A.'s motion, Plaintiff has been provided the requisite notice. Doc. 27 at 2. Accordingly, counsel will be permitted to withdraw, and Plaintiff shall have up to and including **June 11, 2018** to retain counsel and have counsel file a Notice of Appearance with the Court or to notify the Court he intends to proceed *pro se*.

Second, Rockhill seeks a cease and desist order and the appointment of a Magistrate Judge to oversee depositions. Docs. 18, 21. In both motions, counsel for Rockhill indicated she was unable to confer with counsel for Plaintiff given his counsel's requested withdrawal, which also prevented Plaintiff from responding to the motions. *See* Doc. 18 at 4-5; Doc. 21 at 2. Although the Court understands the reasons Rockhill was unable to confer regarding its motions, both of the motions will be denied without prejudice due to the inability to properly confer. Rockhill may refile its motions if necessary after Plaintiff either has retained counsel or notified the Court of his intention to proceed *pro se* and the parties have had the opportunity to meaningfully confer. Until such time, the Court directs Plaintiff not to communicate with or leave messages for Rockhill or its employees.

The Court notes Plaintiff's previous counsel requested thirty (30) days for Mr. Frank to retain new counsel, and the Court encourages him to do so. *See* Doc. 27 at

2; *see also Montgomery v. Brickell Place Condo. Ass'n*, No. 11-24316-CIV, 2012 WL 1203837, at *3 (S.D. Fla. Apr. 11, 2012) (encouraging *pro se* plaintiff to "retain legal counsel and, failing that, to diligently research how to prosecute" a case in federal court because *pro se* parties are responsible for discovery, complying with scheduling orders, and following federal and local rules). If Mr. Frank decides to proceed *pro se*, he is warned that "the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993), *aff'd sub nom. Sanders v. Fluor Daniels, Inc.*, 36 F.3d 93 (11th Cir. 1994) (quoting *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Mr. Frank also must comply with the Middle District of Florida Local Rules. Failure to comply with the Court's Orders or the Federal or Local Rules could result in sanctions. A copy of the Local Rules may be obtained from the Court's website at http://www.flmd.uscourts.gov/. Moreover, the website includes a "Litigants without Lawyers" page containing tips, frequently asked questions, sample forms, and a "Guide for Proceeding without a Lawyer."

ACCORDINGLY, it is

**ORDERED:**

1. Merlin Law Group, P.A.'s Motion to Withdraw as Counsel of Record for Plaintiff (Doc. 27) is **GRANTED**. The Clerk of Court is directed to terminate Kelly L. Kubiak, Esq., Eric Dickey, Esq., and the Merlin Law Group, P.A. as counsel of record for Plaintiff Howard Frank and remove them from receiving future notices of electronic filings.

2. Plaintiff Howard Frank shall have up to and including **June 11, 2018** to retain counsel and have counsel file a Notice of Appearance with the Court or to notify the Court he intends to proceed *pro se*.

3. Defendant's Motion for Appointment of Magistrate Judge to Supervise Depositions Where Plaintiff is Present (Doc. 21) is **DENIED without prejudice.**

4. Defendant's Motion for Cease and Desist Order (Doc. 18) is **DENIED without prejudice.**

5. Plaintiff shall not communicate with or leave messages for Rockhill or its employees until he has retained counsel and counsel has filed a Notice of Appearance, or he has notified the Court he intends to proceed *pro se*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of May, 2018.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties