UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD FRANK,

      Plaintiff,

v.                                  Case No:  2:18-cv-162-FtM-99CM

ROCKHILL INSURANCE
COMPANY,

      Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Howard Frank's Motion to Dismiss Defendant's Counterclaim (Doc. 41) filed on July 17, 2018, which is more than four months after Defendant filed its Counterclaim. Defendant Rockhill Insurance Co. filed a Response in Opposition (Doc. 45) but did not object based on timeliness. While this Court does not condone untimely filings, because Rockhill does not object and substantively responds to the Motion to Dismiss, the matter will be decided on the merits. For the following reasons, the Court denies Frank's Motion.

## BACKGROUND

This is an insurance coverage dispute. In January 2017, Plaintiff purchased a homeowner's insurance policy from Rockhill for his home located in Marco Island, Florida

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(the Policy). Eight months later, in September 2017, Hurricane Irma hit Southwest Florida and damaged Frank's home. The parties disagree as to the amount of damage the home sustained. Frank claims that his property sustained $369,026.51 worth of damage but Rockhill believes that the damage totals $39,522.23. Rockhill paid Frank $3,310.70 to repair the damage, which was calculated by subtracting Frank's deductible and the recoverable depreciation specified in the Policy.

Frank then filed a one-count breach of contract case in state court asserting that Rockhill breached the homeowner's insurance policy when it failed to pay for all the damages the hurricane caused to his home, attaching a copy of the insurance policy. (Doc. 2). Rockhill removed the case to this Court, answered, and filed a one-count Counterclaim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, requesting a declaratory judgment that no payments are due to Frank under the Policy. (*Id.*, p. 11 ¶ 1). In its Counterclaim, Rockhill maintains that its calculation of Frank's damages is correct according to certain exclusions in the Policy and Frank failed to provide proof of loss as to any other damages. Rockhill further claims Frank's estimate of damages is hyper-inflated and requires unnecessary replacement of items that have no damage.

Frank now moves to dismiss the Counterclaim, arguing that the Counterclaim fails to state a claim upon which relief can be granted, in part because it is redundant of his breach of contract claim.

## STANDARD

A motion to dismiss a counterclaim under Rule 12(b)(6) "is evaluated in the same manner as a motion to dismiss a complaint." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005) (citation omitted). A pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal when a plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), the reviewing court must accept all factual allegations in the counterclaim as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Id*. at 677.

## DISCUSSION

Plaintiff moves to dismiss Rockhill's Counterclaim on two grounds. First, Plaintiff argues that declaratory relief is not appropriate in this case because there is no actual controversy regarding coverage because the Policy is unambiguous. Second, Frank argues that Defendant has an adequate remedy at law for breach of contract which already addresses the issues raised in the Counterclaim, making the Counterclaim redundant and unnecessary. The Court will address each argument in turn.

The Declaratory Judgment Act grants federal courts the discretion to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Under the Declaratory Judgment Act this Court has discretion to rule

3

on an actual controversy but is "under no compulsion to exercise ... jurisdiction." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942).  The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants," as the Act "confers a discretion on the courts rather than an absolute right on the litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995).

Here, Rockhill brings a Counterclaim under the *federal* Declaratory Judgment Act. (Doc. 3, p. 11, ¶ 1.)  Thus, federal case law interpreting the federal Declaratory Judgment, 28 U.S.C. § 2201 *et seq.* governs and Florida law regarding the Florida Declaratory Judgment Act is not applicable.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1291 (11th Cir. 2006).  Therefore, **both** parties' reliance on Florida case law in this regard and those courts' interpretation of the Florida Declaratory Judgment Act (Doc. 41; Doc. 45) is misplaced.

"An essential element for a declaratory judgment action is the existence of an 'actual controversy' between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1302 (M.D. Fla. 2015) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937)).  A court therefore must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  "Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only

hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic." *Blitz*, 151 F. Supp. 3d at 1302 (citation omitted). However, a claim for declaratory judgment should be permitted "to proceed where declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Traturyk v. Western-Southern Life Assurance Co.*, 6:15-cv-1347-Orl-40TBS, 2016 WL 727546, *3 (M.D. Fla. Feb. 24, 2016) (internal citations omitted).

### A. Actual Controversy

As explained above, under the federal Declaratory Judgment Act, there must be an "actual controversy" between the parties that is substantial, immediate, and not hypothetical. Frank contends that declaratory relief is not appropriate in this insurance contract dispute because the insurance policy is clear and unambiguous. Rockhill responds that declaratory judgement is warranted and asserts that actual controversy exists in this case as to the determination of the rights, duties, and obligations of all parties under the Policy.

Here, Rockhill has established that its claim for declaratory relief against Frank constitutes an actual controversy appropriate for judicial resolution. Specifically, Rockhill pleads the existence of a legal relationship between the parties as well as an ongoing live controversy with respect to contractual obligations under the Policy. Indeed, Frank initiated this lawsuit to allege that Rockhill had breached the Policy by denying his claim for insurance proceeds and to demand payment under the Policy. Regarding Plaintiff's argument that the Policy's terms are unambiguous, a court may issue a declaratory

judgment based on a factual dispute, irrespective of whether the parties agree on the meaning of a policy term.[2]  See *Daytona Beach Riverhouse, Inc. v. Chubb Custom Ins. Co.*, No. 6:13-cv-1461-Orl-22GJK, 2014 WL 12611320, *3 (M.D. Fla. Mar. 20, 2014). Thus, the Court finds Rockhill has properly alleged an actual controversy.

## B. Redundancy

Frank next argues that Rockhill's Counterclaim for declaratory judgement will be resolved by Frank's claim for breach of contract, thus rendering the Counterclaim unnecessary and subject to dismissal.  In response, Rockhill contends its Counterclaim adds value because its affirmative defenses would not determine whether their proposed interpretation of the Policy is correct, which it seeks a declaration of in its Counterclaim.

District Courts within the Eleventh Circuit have ruled both ways on the issue of whether to dismiss a declaratory judgment claim when other claims before the court may provide complete relief and resolution of all disputed issues in the case.  "Because the decision to entertain a declaratory claim is discretionary, some courts dismiss claims for declaratory relief where the plaintiff also alleges a sufficient and related breach of contract claim.  Other courts allow claims for declaratory relief to travel with a claim for breach of contract."  *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Sol., Inc.*, 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010) (comparing cases; internal citations omitted).  *See also MedImmune, Inc.*, 549 U.S. at 136 (internal citation omitted) ("The Declaratory Judgment Act provides that a court may declare the rights and other legal relations of any interested party, not that it must do so.").  Moreover, every declaratory judgment action

---

[2] In support, Plaintiff cites cases construing *Florida's* Declaratory Judgment Act, which have concluded that declaratory relief is unavailable to settle questions concerning a clear and unambiguous contract.  But as explained above, this Court applies federal law, not state law in examining whether Rockhill has stated a declaratory judgment claim.

must ultimately serve a useful purpose. *See Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.,* 445 F.2d 1278, 1280 (5th Cir. 1971) (citation omitted) ("The declaratory judgment remedy is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy and an adjudication would serve a useful purpose.").[3]  When a counterclaim for declaratory relief brings into question issues that have already been presented by a plaintiff's complaint and the defendant's answer, some courts will dismiss the counterclaim as being duplicative or redundant.  *See* 6 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1406 (3d ed.) (citations omitted).

In its Answer, Rockhill asserts fifteen affirmative defenses, six of which (Aff. Def. 1, 3, 10, 11, 14, 15) are restated verbatim in Rockhill's Counterclaim.  Even so, it is not clear that Rockhill's Counterclaim for declaratory judgment is completely duplicative of its affirmative defenses.  As Rockhill argues, success on its affirmative defenses will merely relieve it of liability from Frank's breach of contract claim.  Its Counterclaim, however, asks for an affirmative declaration that its interpretation of the Policy is correct.  (Doc. 45, pp. 5-6.)  Even if Rockhill prevails against Frank on his breach of contract claim, it will not necessarily obtain such a positive declaration.  *See, e.g., Medmarc Cas. Ins. Co.,* 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (declining to dismiss counterclaim for declaratory judgment in insurance action as redundant; quoting and adopting the rationale of *Procentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 556-57 (D. N.J. 2009)) ("In instances where the declaratory relief is based on contract

---

[3] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near 'mirror image' of the complaint because a 'ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of the contract was the correct one, defendants would not be entitled to a judgment to that effect unless [they] specifically requested one.").  Moreover, if the breach of contract claim and Defendant's affirmative defenses are truly redundant, then Frank will suffer no prejudice in allowing the Counterclaim to proceed alongside Frank's breach of contract claim.  *See Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410609, at *5 (S.D. Fla. Nov. 6, 2012) ("If, as plaintiff argues, the counterclaims are truly repetitious, then plaintiff will not have to expend much time on any additional discovery or briefing.").

Thus, at this early stage of the case, it cannot be said that Rockhill's Counterclaim serves "no useful purpose."  *See* 6 Wright, et al., *supra*, § 1406 ("Thus, the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.").  Even if the Counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the Counterclaim because "motions to dismiss made under Rule 12(b)(6) only test the validity of the claim, not its redundancy; a redundant claim should not be dismissed as long as it is valid."  *Wichael v. Wal-Mart Stores, E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, *2 (M.D. Fla. Oct. 30, 2014).  As a result, Rockhill's Counterclaim will not be dismissed as redundant.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. 41) is **DENIED**. Plaintiff's Answer to the Counterclaim is due within **FOURTEEN (14) DAYS** of this Opinion and Order.

DONE and **ORDERED** in Fort Myers, Florida this 30th day of October, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record