UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD FRANK,

    Plaintiff,

v.                                                               Case No.: 2:18-cv-162-FtM-38NPM

ROCKHILL INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff's Five Motions *in Limine* (Docs. 99, 100, 101, 102, 103) filed on August 9, 2019. Defendant filed an Omnibus Response (Doc. 112) on August 23, 2019. For the reasons below, the Motions are denied.

This is an insurance coverage dispute. In January 2017, Plaintiff purchased a homeowner's insurance policy from Rockhill Insurance Company for his home located in Marco Island, Florida. Eight months later, in September 2017, Hurricane Irma hit Southwest Florida and damaged Frank's home. The parties disagree as to the amount of damage the home sustained.

A motion *in limine* presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *See Stewart v. Hooters of Am., Inc.,*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of [such a motion] is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.* The court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Denial of a motion *in limine* does not ensure evidence contemplated by the motion will be admitted at trial. Instead, denial means the court cannot decide to exclude the evidence in question outside the trial context. *See id.*

Plaintiff's five Motions *in Limine* generally make boilerplate arguments to exclude categories of evidence at trial with very little specifics or connections to the facts and circumstances of this case. For example, Plaintiff moves for an order precluding Defendant from introducing hearsay or irrelevant evidence. (Docs. 102, 103). The Court finds that the Motions cannot be properly decided on an *in limine* basis, but that objections may be addressed at trial if and when such potentially offending evidence is offered.

Accordingly, it is now

**ORDERED:**

Plaintiff's Five Motions *in Limine* (Docs. 99, 100, 101, 102, 103) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record